UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus Alonza Rufus, ) | |
| ) | C/A No. 6:23-cv-01690-DCC |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| Warden at Petersburg Low Federal Correctional ) | ORDER |
| Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On June 26, 2023, the Magistrate Judge issued a Report recommending that the petition be without prejudice and without leave to amend.[1]  ECF No. 17.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner filed a letter, a motion for preliminary injunction, and objections.  ECF Nos. 19, 20, 23.

---

[1] The Magistrate Judge also recommends that this action be dismissed without issuance and service of process, which, as noted by Petitioner, is incorrect because service of process was authorized by separate order.  *See* ECF Nos. 15; 17 at 6–7; 23 at 9.  This appears to be a mere scrivener's error and does not affect the outcome of this action.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Petitioner filed three documents in response to the Magistrate Judge's Report. As there is a good amount of overlap in Petitioner's arguments in these documents, the Court finds it appropriate to discuss all three together.

Petitioner requests recusal of the undersigned. He makes various allegations regarding a financial interest in the outcome of this action and generalized fraud. Recusal of federal judges is generally governed by 28 U.S.C. § 455.[2] Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify

---

[2] Notably, § 455 largely tracks the language of Canon 3(C) of the Code of Conduct for United States Judges, which also governs recusal of federal judges.

himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). To the extent Petitioner's request is based on any prior orders of the undersigned, in this or any other case of Petitioner's, judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id*. As Petitioner has not alleged any other plausible reason for recusal, the Court finds that his request is insufficient as a matter of law to establish any basis for the undersigned to recuse himself. Accordingly, the request is denied.[3]

The Court now turns to the merits of Petitioner's action. Petitioner states that he objects to the Report in its entirety. He argues that he is entitled to relief under 28 U.S.C. § 2241 but also argues that he is entitled to relief pursuant to 28 U.S.C. § 2255.[4] To the

---

[3] Petitioner also requests the recusal of Judge McDonald. In its present procedural posture, Judge McDonald is no longer assigned to this case. To the extent Petitioner takes issue with his role in this case so far, Judge McDonald has already ruled on a motion for his recusal. The Court further notes that, as requested by Petitioner, the undersigned has conducted a de novo review of the record, the applicable law, and the Report. Accordingly, any issue Petitioner has raised with respect to Judge McDonald's rulings and recommendations in this case, have been thoroughly assessed by the undersigned.

[4] To the extent Petitioner would rather proceed under 28 U.S.C. § 2255, he may file a separate action bringing those claims.

extent he objects to the Magistrate Judge's recommendation that he was not required to comply with the proper form orders issued by the Magistrate Judge because 28 U.S.C. § 1915 is unconstitutional, the Court finds that he has pointed to no authority for this position and the undersigned is aware of none.  Accordingly, this argument is found to be without merit.  Petitioner also makes various arguments that he is not a prisoner or a person for purposes of proceeding with this action as those terms are overly vague.  Upon review, the Court disagrees and also finds that these words do not affect the ultimate outcome of this action.  Otherwise, Petitioner generally alleges various arguments that the Court finds are frivolous.

Finally, Petitioner moves for the issuance of a preliminary and permanent injunction.  "[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  Here, as discussed above and in more detail in the Report, Petitioner has not established that he is likely to succeed on the merits of this action; accordingly, his motion for a preliminary injunction is denied.[5]

---

[5] Petitioner also fails to establish that he is entitled to a permanent injunction.  *See eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) (holding that a party

Petitioner may also request appointment of counsel.  There is no constitutional right to appointed counsel in a civil case, *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971).  However, the Fourth Circuit has stated that counsel should be appointed only in exceptional circumstances, which "will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163).  The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings.  Accordingly, Petitioner's motion is denied.[6]

## CONCLUSION

Therefore, based on the foregoing, the Court agrees with the Magistrate Judge that this action is frivolous.  Petitioner's motion for preliminary injunction [20] is **DENIED**.  This action is **DISMISSED** without prejudice and without leave to amend.

---

seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction").

[6] Liberally construed, Petitioner requests to amend for a variety of reasons.  These requests are denied.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

October 27, 2023
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.